## Segal v. Ætna Casualty and Surety Company of Hartford, Conn., Appellant.

*Insurance—Burglar insurance—Policy—Construction.*

An insurance policy provided for insurance against burglary to the amount of $2,000, "On household and personal property of every description, common in residences generally," etc. The insured was a clothing manufacturer and temporarily stored in his garage, which was a part of his dwelling, 33 new suits of men's clothing which had been returned by a buyer as unsatisfactory. While the goods were thus stored they were stolen. In an action to recover for the loss thereof it was properly held that such merchandise was not comprehended within the terms of the policy.

Argued December 9, 1924. Appeal, No. 293, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, March T., 1923, No. 400, in favor of plaintiff in the case of Samuel Segal v. Ætna Casualty

and Surety Company of Hartford, Conn.  Before POR-
TER, HENDERSON, TREXLER, KELLER, LINN and GAW-
THROP, JJ.  Reversed.

Action on insurance policy.  Before WALSH, J., with-
out a jury.

The case was tried by the court, without a jury, on an
agreed statement of facts.

.The court entered judgment in favor of the plaintiff.
Defendant appealed.

*Error assigned* was, among others, the judgment of
the court.

*Alfred D. Wiler,* and with him *Frank L. Ward,* for
appellant.

*David S. Malis,* for appellee.

OPINION BY GAWTHROP, J., February 27, 1925:
The policy of insurance on which this suit was brought
indemnified the plaintiff for "direct loss by burglary,
theft or larceny of any of the assured's property de-
scribed in Condition R of this policy and stated to be
insured hereunder, from the interior of the house, build-
ing, flat, apartment or rooms (excluding porches, veran-
das and piazzas) actually occupied by the assured and
described in said warranties and hereinafter called
the premises, by any domestic servant or employee of the
assured or by any other person or persons, except the
assured."  Condition "R" of the policy reads as follows:

.  "R. The insurance granted by this policy and the
premium charged thereon are apportioned to apply spe-
cifically as follows:

"(a) $2,000.  On household and personal property of
every description, common in residences generally, in-
cluding plumbing, gas, and electric light fixtures; sub-

ject to the limitation as provided under Item 3 of Condition A, and excluding domestic animals and any articles covered under Items (b) and (c)."

Insurance was granted only under item "a" above quoted.

The plaintiff was a manufacturer of clothes and had shipped some merchandise to a customer, who declined to receive it and returned it to the plaintiff. It consisted of thirty-three new suits of men's clothing valued at $1,059. In the meantime the plaintiff's place of business had been destroyed by fire and he placed the suits of clothing in his garage, which was in the basement of his house. While the goods were there they were stolen.

In view of the conclusion which we have reached, it is necessary to consider but one question: Were the suits of clothing household and personal property common in residences generally? Even under the well settled rule that policies of insurance are to be construed most strongly against the insurer, no liberality of interpretation of the terms of this policy will permit us to answer the question in the affirmative. The clothing was not covered by the policy and the defendant is not liable to the plaintiff for its loss. Defendant's motion for judgment n. o. v. should have been sustained.

The judgment is reversed and here entered for the defendant.